**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0376-18T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMES A. HEMENWAY, a/k/a
JAY HEMENWAY

    Defendant-Appellant.

_____

Argued October 3, 2019 – Decided October 21, 2019

Before Judges Fuentes and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 15-09-1722.

Edward C. Bertucio argued the cause for appellant (Kalavruzos, Mumola Hartman & Lento, LLC, attorneys; Edward C. Bertucio and William Les Hartman, of counsel and on the briefs; Jessica A. Wilson, on the briefs).

Monica Lucinda do Outeiro, Assistant Prosecutor, argued the cause for respondent (Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney;

Monica Lucinda do Outeiro, of counsel and on the brief).

PER CURIAM

Defendant James Hemenway appeals from the order of the Criminal Part denying his post-conviction relief (PCR) petition. Defendant argues the PCR judge erred in denying his PCR petition because the sentencing court imposed an excessive sentence that was disproportionate to the sentences of his co-defendants and failed to properly calculate defendant's jail time credits. After reviewing the record developed by the parties, we affirm.

A Monmouth County grand jury returned an indictment against defendant charging him with second degree eluding, N.J.S.A. 2C:29-2b; second degree aggravated assault with a deadly weapon, N.J.S.A. 2C:12-1b(2); fourth degree tampering with evidence, N.J.S.A. 2C:28-6(1); third degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10a(1); third degree possession of a controlled dangerous substance with intent to distribute, N.J.S.A. 2C:35-5b(3); and third degree resisting arrest, N.J.S.A. 2C:29-2a(3).

A separate Monmouth County grand jury returned another indictment against defendant charging him with second degree conspiracy, N.J.S.A. 2C:5-2, N.J.S.A. 2C:35-5b(1), and/or N.J.S.A. 2C:35-5b(2); first degree possession of a controlled substance dangerous substance with an intent to distribute,

N.J.S.A. 2C:35-5b(1), N.J.S.A. 2C:35-5c, and N.J.S.A. 2C:2-6; first degree distribution of a controlled dangerous substance, N.J.S.A. 2C:35-5b(1), N.J.S.A. 2C:35-5c, and N.J.S.A. 2C:2-6; third degree possession of controlled dangerous substance, N.J.S.A. 2C:35-10a(1) and N.J.S.A. 2C:2-6; second degree possession of a controlled dangerous substance with intent to distribute, N.J.S.A. 2C:35-5b(2), N.J.S.A. 2C:35-5c, and N.J.S.A. 2C:2-6; second degree distribution of a controlled dangerous substance, N.J.S.A. 2C:35-5b(2), N.J.S.A. 2C:35c, and N.J.S.A. 2C:2-6; first degree maintaining or operating a controlled dangerous substance production facility, N.J.S.A. 2C:35-4; third degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10a(1); first degree possession of a controlled dangerous substance with intent to distribute, N.J.S.A. 2C:35-5b(1); second degree possession of a controlled dangerous substance with intent to distribute while on or within 500 feet of a public park, N.J.S.A. 2C:35-7.1; fourth degree possession of a controlled dangerous substance contrary to N.J.S.A. 2C:35-10a(3); third degree possession of a controlled dangerous substance with intent to distribute, N.J.S.A. 2C:35-5b(11); and third degree possession of a controlled dangerous substance with intent to distribute, N.J.S.A. 2C:35-5b(9)(b).

3

Defendant thereafter entered into a negotiated agreement with the State through which he pled guilty to second degree eluding, N.J.S.A. 2C:29-2b, and first degree maintenance or operation of a controlled dangerous substance production facility, N.J.S.A. 2C:35-4. The State agreed to dismiss the remaining charges and recommend that the court sentence defendant to a term of seven years for second degree eluding to run concurrently to a term of sixteen years, with five and a half years of parole ineligibility for first degree maintenance or operation of a controlled dangerous substance production facility. These sentences were to run consecutively to a sentence defendant was serving at the time in Middlesex County.

On September 9, 2016, Judge David F. Bauman sentenced defendant in accordance with the plea agreement. As reflected in the Judgment of Conviction dated September 20, 2016, Judge Bauman awarded 343 days of gap-time, thereby expressly rejecting defendant's argument that this time should be viewed as jail time credit under Rule 3:21-8. Defendant appealed the sentence through the summary procedural process codified in Rule 2:9-11. In these proceedings, defendant's appellate counsel urged this court to remand the matter for resentencing, arguing the sentence was excessive and that the trial judge failed to properly calculate jail time credit. This court rejected defendant's arguments

and affirmed the sentence imposed by the trial court.  State v. James  Hemenway, A-0306-16 (App. Div. December 14, 2016).

On March 13, 2018, defendant filed this PCR petition again challenging: (1) the jail time credit he received under Rule 3:21-8; and (2) the length of the sentence imposed by the court. The attorney who represented defendant before the Criminal Part in this PCR petition is the same attorney who represented defendant before this court in the summary appellate proceedings held pursuant to Rule 2:9-11.  The arguments raised by defendant in the PCR petition characterized the sentence as illegal based on being allegedly disproportionate to the sentences imposed on his codefendants.

In an order dated August 24, 2019, Judge Joseph Oxley, J.S.C. denied defendant's PCR petition.  In a memorandum of opinion attached to the order, Judge Oxley held that pursuant to Rule 3:22-5, defendant was procedurally barred from relitigating in a PCR petition the excessiveness of his sentence and the jail time credit awarded by the trial court.  Judge Oxley correctly noted that this court expressly rejected these specific issues on direct appeal.  Judge Oxley also found defendant's disproportionate sentence claim was procedurally barred under Rule 3:22-4 because this argument could have been raised on direct appeal.

Notwithstanding these dispositive procedural impediments, Judge Oxley thoroughly reviewed the merits of defendant's argument and concluded he was not entitled to PCR. He noted:

> While it is true that Defendant received a lengthier sentence than his co-defendants, a defendant's sentence is not excessive simply because a codefendant's sentence is lighter. Defendant signed a plea agreement which specifically stated that the prosecutor would recommend sixteen years at sentencing to run concurrently with his other Monmouth County charge, and consecutively to his Middlesex County charge. Defendant cannot now argue that his sentence is disproportionate. Defendant's claim is procedurally barred and lacks merit.

Against these facts, defendant raises the following arguments in this appeal.

> POINT I
>
> PETITIONER IS ENTITLED TO POST-CONVICTION RELIEF BASED ON THE EXCESSIVE AND DISPROPORTIONATE ILLEGAL SENTENCE HE RECEIVED IN HIS CASE.
>
> > POINT IA
> >
> > Appellant's Sentence was Excessive.
> >
> > POINT IB
> >
> > Appellant's Sentence was Grossly Disproportionate to the Sentences of the

6

> Codefendants who were the Target of the Investigation on this Case.
>
> POINT IC
>
> The Sentencing Court Improperly applied the Jail Credits that should have been awarded to Appellant in this Case.

Post-conviction relief is designed to be a safeguard to ensure a defendant is not unjustly convicted. State v. McQuaid, 147 N.J. 464, 482 (1997). Thus, a PCR petition is our State's analogue to the federal writ of habeas corpus. State v. Preciose, 129 N.J. 451, 459 (1992). Based on the grounds defendant asserts for seeking PCR, we review the legal conclusions of the Criminal Part de novo. State v. Harris, 181 N.J. 391, 420 (2004). Although Judge Oxley addressed and rejected defendant's claims on the merits, we are satisfied defendant is procedurally barred from relitigating the length of his sentence and his entitlement to jail time credits under Rule 3:22-5, which provides that "prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding."

Defendant is equally barred from challenging his sentence in a PCR petition based on allegations that his sentence was disproportionate to the sentences imposed on his codefendants. Rule 3:22-4(a) clearly states:

> Any ground for relief not raised in a prior proceeding under this rule, or in the proceedings resulting in the conviction, or in a post-conviction proceeding brought and decided prior to the adoption of this rule, or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court on motion or at the hearing finds: (1) that the grounds for relief not previously asserted could not reasonably have been raised in any prior proceeding; or (2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or (3) that denial of relief would be contrary to a new rule of constitutional law under the Constitution of the United States or the State of New Jersey.

As Judge Oxley noted, at least six of his codefendants were sentenced at the time defendant decided to appeal his sentence. Defendant thus had all of the information necessary to raise a disproportionality claim on direct appeal. Finally, there is nothing in this record to indicate that enforcement of this procedural bar would result in a fundamental injustice. We thus affirm substantially for the reasons expressed by Judge Oxley in his well-reasoned memorandum of opinion denying defendant's PCR petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION